■ In the Matter of the Claim of Ruth L. Connor, Respondent, v. A. M. F. Pinspotters, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Hamm, J. Appeal by the employer and carrier from a board decision affirming an award of death benefits. The decedent was employed as a service representative supervising the installation of pin-spotting machines and making service calls. He was assigned to a multicounty area within which all of the relevant events occurred. About 4:30 in the afternoon he completed

work on behalf of his employer at a recreation center in Poughkeepsie. The decedent told the manager of the center that he had work to perform on behalf of his employer in Kingston and, at the manager's suggestion, accepted an invitation to cross the river in the manager's boat. In Kingston he performed certain supervisory work included in his duties as an employee, after which he and the manager re-embarked to recross the river to Poughkeepsie. As the result of a sudden swell the decedent was thrown from the boat; he disappeared and was drowned. The time of the accident was between 6 and 7 o'clock in the afternoon. The appellants contend that the fatal trip violated the decedent's orders as to time and place of employment, relying on the testimony of the decedent's service supervisor. The supervisor testified that he "changed his assignment to Dutchess Recreation [in Poughkeepsie], and at 4:30 he was to terminate his day." Also a witness for the employer testified as to the conversation between the supervisor and decedent as follows: "I believe Wade asked if he should go to Ellenville and Bill told him to stay in Poughkeepsie, local, finish your day in Poughkeepsie." However, there is substantial evidence that the decedent went from Poughkeepsie to Kingston for the purpose of seeing a contractor on business, that the two actually did work on business matters, that the decedent was required by his employer to perform this specific work with the contractor, that this particular work had to be completed by the day following the trip to see him, that it was the rule and not the exception for the decedent to work beyond 4:30 in the afternoon, that his performance of the duties of his employment was not always at the direction of his immediate supervisor but involved as well independent solicitation of his services by customers of the employer, that his solicitation did not involve any set hours and that he did receive a travel allowance. In the light of all the circumstances it was within the fact-finding power of the board to interpret the supervisor's statement to the decedent as merely permissive and suggestive rather than proscriptive. Moreover questions of credibility are, of course, within the province of the board and the board was not bound as a matter of law, particularly in the circumstances, to accept the testimony as to what the supervisor said (*Matter of Wood* v. *Colonial Tavern & Rest.*, 22 A D 2d 984). The appellants also argue that the method selected by the decedent to make the trip constituted a departure from his employment, being a "bizarre and dangerous manner of performance". There is evidence that the boat trip was chosen because of the heavy vehicular traffic at the hour of the day. The record contains no evidence of weather conditions that would require the board as a matter of law to classify a trip across the Hudson River in a boat 15 feet long as bizarre and dangerous or "extraordinary and hazardous" within the meaning of the exegesis in *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28, 31). Finally it is alleged that the board erred in excluding the testimony of an investigator for the Sheriff's office. The investigator was at the hospital after the accident with the decedent's former companion in the boat. He testified that while at the hospital with him he "overheard part of the conversation" with an unknown party, seemingly indicating that the trip may have involved a personal mission. Even if this testimony, inadmissible and not binding in a common-law action, had been received by the Referee, the board would not have been required to find it binding on the decedent. Moreover, on the issue of the decedent's motivation there was clear and substantial evidence to the contrary including the fact that the decedent did perform in Kingston specific work required by his duties. Moreover, the entertainment by the decedent of a collateral personal purpose would not have barred an award if a business motive was a concurrent cause of the trip. (See *Matter of Skinner* v. *Tobin Packing Co.*, 17 A D 2d 999, 1000;

*Matter of Mahoney* v. *Michaels Stern & Co.*, 9 N Y 2d 931, revg. 9 A D 2d 843.) Decision affirmed, with one bill of costs to claimant and the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.